**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2620
_____

REGINALD BOYER,

Appellant

v.

DAVE BRUNO; DETECTIVE MANIGUALT;
CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:23-cv-01192)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 3, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: September 6, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Reginald Boyer appeals from the District Court's denial of his motion for the appointment of counsel and sua sponte dismissal of his action with prejudice for failure to state a claim. For the reasons that follow, we will affirm the judgment of the District Court.

In March 2023, Boyer, proceeding pro se and in forma pauperis, filed a civil action alleging claims for identify theft pursuant to 18 U.S.C. § 1028, and social security fraud pursuant to 42 U.S.C. § 408. His claims related to the alleged use of his social security number by an unknown individual employed at Dave Bruno Precision Rifle in Dayton, Pennsylvania, and his efforts to have such use investigated by the Philadelphia Police Department. Boyer alleged that he suffered mental anguish and sought compensatory and punitive damages in excess of $30 million. He also sought the issuance of search and arrest warrants relating to his allegations, and moved the court to appoint counsel to represent him.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e) and dismissed the action with prejudice, concluding that Boyer failed to state a claim upon which relief may be granted and that amendment would be futile. It also denied Boyer's motion for the appointment of counsel. Boyer filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Dismissal for failure to state a claim is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the

2

light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). We review the denial of Boyer's motion for the appointment of counsel for abuse of discretion. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).

Boyer's arguments on appeal do not challenge the District Court's rationale for dismissing his complaint for failure to state a claim, or its conclusion that amendment would be futile. Nonetheless, we have reviewed the District Court's opinion, and agree that Boyer's claims were properly dismissed. As the District Court recognized, neither of the criminal statues cited by Boyer gives rise to a private cause of action. See generally Gonzaga Univ. v. Doe, 536 U.S. 273-283-84 (2002). Further, Boyer has no right to compel the enforcement of criminal laws. See Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) (finding "no statutory or common law right, much less a constitutional right, to an investigation").

Instead of challenging the merits of the District Court's decision, Boyer argues that the District Court improperly denied his motion for the appointment of counsel. He asserts that, because "it is clear that a federal crime has/is being committed," the District Court should have used its discretion to appoint counsel. 3d Cir. ECF No. 19 at 14. We disagree. In deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), the threshold question under Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), is the merits of

3

the complaint. Here, the District Court properly found no merit to Boyer's civil action. Therefore, it did not abuse its discretion by denying his motion for the appointment of counsel.

We will affirm the decision of the District Court.